OPINION
This appeal is taken from a final judgment of the Portage County Court of Common Pleas. Appellant, Thomas A. South, Sr., appeals from the trial court's decision to impose the maximum sentence upon him following his convictions for rape and attempted rape.
On April 18, 1997, the Portage County Grand Jury indicted appellant on twelve counts of rape in violation of R.C. 2907.02
and seven counts of felonious sexual penetration in violation of R.C. 2907.12. In sum, the nineteen charges alleged that appellant used force or the threat of force to engage in sexual relations with three different children under the age of thirteen. Appellant pled not guilty to the charges at his arraignment.
Thereafter, appellant waived his right to a speedy trial and numerous continuances ensued. At one point during this interval, appellant retained different counsel to replace his original attorney. Following time for further discovery and negotiations, appellant opted to enter into a plea bargain whereby he agreed to plead guilty to Count One charging rape in violation of R.C.2907.02(A)(1)(b) with the force specification deleted and Count Four and Count Nineteen charging attempted rape in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02. The latter two counts were created by amending the indictment to reflect the attempted commission of rape, rather than the successful completion of the offense.
Appellant entered written guilty pleas to the three felonies during a hearing on October 2, 1997, and the trial court accepted the pleas by judgment entry on October 3, 1997. The trial court then referred the matter to the probation department for the preparation of a presentence investigation report on appellant, who had no prior felony record. Upon the request of the prosecuting attorney, the trial court also entered a nolleprosequi in relation to the sixteen remaining charges contained in the original indictment.
With regard to Count One and Count Four, the victim was appellant's seven-year-old niece. Under Count Nineteen, the victim was a four-year-old boy whom appellant was babysitting. The charges relating to the third alleged child-victim were dismissed as part of the plea bargain.
The matter came on for sentencing on April 9, 1998. At that time, the trial court ordered appellant to serve a definite term of imprisonment of ten years for the offense of rape as charged in Count One of the indictment. This was the maximum sentence allowable for a felony of the first degree. The trial court also sentenced appellant to eight years in prison for the offenses of attempted rape as charged in amended Count Four and Count Nineteen. This represented the maximum term of imprisonment allowed for a second degree felony. Although the trial court was inclined to make the sentences consecutive, it nevertheless permitted appellant to serve all three sentences concurrently in exchange for his guilty pleas per the prosecutor's recommendation which resulted from the earlier plea negotiations with defense counsel.
From this judgment, appellant filed a timely notice of appeal with this court. He now asserts the following assignment of error:
 "The trial court erred to the prejudice of appellant when it failed to sentence him pursuant to the statutory guidelines of R.C. Sections 2929.11, 2929.12 and 2929.14 in violation of the Eighth and Fourteenth Amendments to the United States Constitution and the Ohio Constitution."[1]
 In his sole assignment of error, appellant posits that the trial court erred in sentencing him. Specifically, appellant claims that the trial court failed to adhere to statutory requirements governing the imposition of the maximum sentence for a felony conviction.
Before addressing the substance of appellant's argument, we need to articulate the appropriate standard of review. R.C.2953.08(G)(1) states in pertinent part:
 "(G)(1) The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
 * * * (d) That the sentence is otherwise contrary to law."
 In the case sub judice, appellant is effectively claiming that the sentences imposed on him were contrary to law because the trial court did not comply with statutory guidelines when imposing such sentences. Given the assertion that the sentences are contrary to law, this court must engage in a de novo review in order to determine whether the trial court fully complied with the relevant statutes governing felony sentencing. See State v. Raphael (Mar. 24, 2000), Lake App. No. 98-L-262, unreported, at 4, 2000 Ohio App. LEXIS 1200 (wherein this court held that the review of a felony sentence is de novo pursuant to R.C. 2953.08).
As indicated previously, the trial court in the instant matter sentenced appellant to the maximum term of imprisonment permitted for each of his felony convictions, to wit: ten years in prison for a first degree felony and eight years in prison for a second degree felony. See R.C. 2929.14(A)(1) and (2) (setting forth the allowable prison terms for first and second degree felonies, respectively). The trial court handed down the maximum sentences despite the fact that appellant had no prior felony conviction and had never before served a prison term.
R.C. 2929.14 is the applicable statute. It provides in part:
 "(B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02
of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 A trial court that imposes a sentence upon a felony offender has the discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. In exercising that discretion, the trial court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the conduct, the factors provided in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism, and any other factors that are relevant to achieving the purposes and principles of sentencing.
In the present case, R.C. 2929.14(B) was applicable because appellant had not previously served a prison term. R.C.2929.14(C) also had application to appellant's sentencing because the trial court sentenced appellant to the longest prison terms authorized for the particular felony offenses for which he was convicted. In other words, the trial court had to comply with R.C. 2929.14(B) because it decided to depart from the statutorily mandated minimum prison terms, even though appellant was a first-time felony offender. The trial court also had to adhere to R.C. 2929.14(C) because it elected to impose the maximum prison terms on appellant for his crimes.
Under current felony sentencing law in Ohio, minimum sentence are generally favored for first-time offenders, while maximum sentences of imprisonment are disfavored. Accordingly, R.C.2929.14(B) requires a trial court to impose the minimum sentence upon an offender who has not previously served a prison term, unless the court finds one of the following on the record: (1) that the shortest prison term will demean the seriousness of the offender's conduct; or (2) that the shortest prison term will not adequately protect the public from future crime by the offender or others.
In State v. Edmonson (Sept. 25, 1998), Portage App. No. 97-P-0067, unreported, 1998 WL 684180, this court construed R.C.2929.14(B) as requiring a trial court to make clear findings of fact which demonstrated why the minimum term of imprisonment was not imposed upon a first-time felony offender. In this regard, we held that the trial court did not satisfy its duty under R.C.2929.14(B) to make a finding "on the record" simply by repeating the relevant words of the statute. Instead, we concluded that the finding required by R.C. 2929.14(B) implied "a factual finding which would encompass the operative facts upon which that finding is based." Edmonson, 1998 WL 684180, at 8.
Upon appeal from our decision, the Supreme Court of Ohio affirmed our ultimate conclusion in Edmonson, to wit: the trial court had not satisfied its obligation to find on the record that the shortest prison term would demean the seriousness of the defendant's conduct or would not adequately protect the public from future crime by the defendant or others. In doing so, however, the Supreme Court disagreed with our further holding that the trial court was obliged to state the "operative facts" upon which the court relied in making this finding. The Supreme Court ruled as follows:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.) State v. Edmonson
(1999), 86 Ohio St.3d 324, syllabus.
 The Supreme Court effectively held that a trial court is not required to give the reasons underlying its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crime before the court can lawfully impose more than the minimum authorized sentence. Rather, a trial court sentencing an offender to first-time imprisonment must merely specify on the record that one or both reasons set forth in R.C. 2929.14(B) justify a sentence which is longer than the minimum. Id. at 327.
In the case at bar, because appellant was a first-time felony offender, the trial court was required to make an express finding on the record that the shortest prison term would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime by him or others. The requisite finding could have been either an oral pronouncement during the course of the sentencing proceeding or a written statement contained in the sentencing entry.
After reviewing the record in the instant case, it is apparent that the trial court did not specify either of the reasons listed in R.C. 2929.14(B) as supporting its deviation from the minimum sentences of three years and two years, respectively, for the offenses of rape and attempted rape. Although certain remarks by the trial court could be read as implying that the minimum sentences would demean the seriousness of appellant's conduct or that the public would not be adequately protected from future crime, the court never made an express finding to that effect. Neither the transcript of the sentencing hearing nor the text of the sentencing entry contains the mandatory finding. We appreciate that this resembles an exercise in determining how many angels can dance on the head of a pin. Neither R.C. 2929.14 nor the Supreme Court's decision in Edmonson, however, permit anything but the express statutory findings.
Given this record, there is no way to confirm that the trial court initially considered imposing the minimum sentences, but then decided to depart from the statutorily mandated minimum terms of imprisonment based on one or both of the reasons listed in R.C.2929.14(B). As a result, the assignment of error has merit.[2]
In light of our conclusion that the trial court failed to comply with R.C. 2929.14(B) when declining to impose the statutorily mandated minimum sentences, we need not consider appellant's claim on appeal that the sentencing decision also did not adhere to the requirements of R.C. 2929.14(C) for imposing the maximum sentences. In this regard, the trial court stated on the record at the sentencing hearing that appellant had committed the worst forms of the offenses of rape and attempted rape because his victims were young children. In addition, the trial court found in its sentencing entry that "this is the worst form of these offenses and that recidivism is likely." Appellant's argument that he is neither an offender who committed the worst forms of the offense nor an offender who poses the greatest likelihood of committing future crimes is moot given our holding that the trial court failed to comply with R.C. 2929.14(B).
On remand, the trial court must comply with the dictates of both R.C. 2929.14(B) and (C) when resentencing appellant. To comply with the former, the trial court must simply specify on the record that one or both reasons set forth in R.C. 2929.14(B) (i.e., that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others) justify a sentence which is longer than the minimum. Pursuant to the Supreme Court's holding in Edmonson, the trial court is not required to state the express reasoning it employed in arriving at the finding required by R.C. 2929.14(B).
Based on the foregoing analysis, the assignment of error is well-taken to the extent indicated. Accordingly, the judgment of the trial court is reversed, and the matter is hereby remanded for resentencing in accordance with this opinion.
 __________________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., O'NEILL, J., concur.
[1] Although appellant references constitutional provisions in his assignment of error, he does not actually argue in his appellate brief that his sentences were in violation of the United States Constitution. Instead, he contends that the trial court failed to sentence him in accordance with statutory guidelines. Thus, we will limit ourselves to a statutory analysis, rather than a constitutional one.
[2] We would note that the trial court sentenced appellant on April 9, 1998. This was before our decision in Edmonson. Obviously, it was also well before the Supreme Court of Ohio subsequently clarified what type of finding a trial court is required to make on the record pursuant to R.C. 2929.14(B) when rejecting the imposition of a minimum sentence for a first-time felony offender. Thus, the trial court in the case at bar did not have the benefit of the Edmonson precedent when sentencing appellant.